# EXHIBIT D

## NG LAP SENG TERMS AND CONDITIONS FOR ATTORNEYS' RETAINER AGREEMENTS

The foregoing six (6) Conditions are to be incorporated and as superseding additional terms and conditions to the separate Retainer Agreements entered by and between Ng Lap Seng (the "Client") and The Law Firm of Hugh H. Mo, P.C. and Brafman & Associates, P.C. (the "Attorneys") for services in connection with the defense of the matter of United States v. Ng Lap Seng, Indictment No. 15-cr-706 (VSB), U.S. District Court, SDNY, and the Attorneys acknowledge and warrant that these Conditions will be adhered to and the failure of which could result in the termination of the Attorneys' respective Retainer Agreement at the discretion of the Client, with prior written notice, and the Attorneys agreed that any unpaid retainer payments shall be forfeited.

1. Attorneys are obligated to be thoroughly familiar with the Client's personal background, individual approaches and styles of interacting with people in general, including employees and business associates, business and management styles, personal experiences, and interactions with others (successes and failures), supervising and reliance on assistants and associates, expectations and goals and approaches, methods, resolutions of problems and tasks, delegation of duties and responsibilities and management oversights and responsibilities.

2. Attorneys are obligated to be thoroughly familiar with the entire history of South-South News, Inc. ("SS News"), from inception to the present. The reasons for the establishment of SS News and how it relates to the objectives of Sun Kian Ip Group Co., Ltd., (the "SKI Group"), Macau SAR, United Nations Office of South-South Corporation ("UNOSSC) and the South-South Member States ("SS Member States") and SS News contributions to the UN and its related entities, SS Member States and the world.

1

3. Attorneys are obligated to be thoroughly familiar with the background of the United Nations SS Member States Permanent Expo and Conference Center (the "Project"), its overall purposes and objectives, the reasons for SKI Group's interest and motive in undertaking the pro bono Project, at no costs to the UN, how the Project relates to the SKI Group, Macau SAR, the United Nations, SS Member States and the world; the terms and conditions and mutual interests between and among the parties in interest in the development of the Project.

4. The Attorneys are obligated to be thoroughly familiar with the history and development of UNOSSC, G-77 plus China, 133 SS Member States, including their organizational structures and hierarchies, legal rules and responsibilities, terms of cooperation, mutual interests and conditions, and the legal requirements for documentations of the Project.

5. Attorneys are obligated to be thoroughly familiar with the relationship between and among the four-named defendants, including the Client, their personal backgrounds, potential conflicts of interest and respective defenses, the potential cooperation of co-defendants and shifting defenses, the Client's defense, strategy and approaches to counteract prosecution's theories and evidence, and the formulation of a well thought-out Client's defenses (step-by-step approaches) for evolving scenarios.

6. Attorneys are obligated to thoroughly master the government's case against Client and with all viable defenses. Both Attorneys are required to cooperate and divide the tasks at hand, with clear lines of responsibilities and jointly undertake the Pre-trial and the Trial phases of the case, fully

complimenting each other respective experiences and skills for the benefit of the Client. Attorneys' thorough preparation of all of the above-aforementioned areas related to the case is an additional terms and conditions and shall supersede any terms to the contrary to each Attorneys' respective engagement, with the objective that the best defense is provided to the Client. The unity and cooperation of the Attorneys are a prerequisite to insure an effective defense. These terms and conditions must be met by both Attorneys, and the Client reserves the right at his discretion and judgment, as to which one of the Attorneys to handle a particular phase or task throughout the defense of the case, including the role to be played by each attorney at the Pre-trial and Trial phases of the legal proceedings.

By signing below, Hugh H. Mo, Esq. and Benjamin Brafman, Esq. hereby acknowledge and warrant that each would follow the aforementioned terms and conditions in connection with their engagement as joint defense counsel for the Client.

New York, New York

November 16, 2015

The Law Firm of Hugh H. Mo, P.C.

By: Hugh H. Mo

WITNESSED:

Ng Lap Seng

Brafman & Associates, P.C.

By: Benjamin Brafman

3

打官司的法律合行责与任.

(一) 律师必须要对我本人,对人生之路,做事的方法,待人处事的方式,对公司的管理模式,人生磨难几十年的失败成功的经验,管人,用人的制度,解决事情和处理事情的方式方法,这是其一.

(二) 律师必须要清淅了解南南新闻是如何发起一个过程,为什么要建立南南新闻,南南新闻对我,对加拿大,对澳州,对联合国南南合作各国有什么样的作用,南南本身要主动体现在为联合国及南南各国各分支机构,及世界各国起到针对每几作用,必须要清楚了解这个过程。

(三) 联合国南南各国永久性国际會议博览中心,这个项目的用的与作用,我们为什么要建立这个项目,这个项目对我们,对加拿大,对联合国及南南各国及世界有什么目的与作用,我是用什么方式方法去面对合联合国南南各国的首席,做多大能力的条件去建立此项目。

(四) 如何了解联合国及南南合作局南南各国及刀闸集团的内部架构,权力机构,法律责任,法律依据,合作

双方的权限，双方在合约上的保证。双方的要求，都要一清二楚写在纸上。

(五) 律师要清楚了解，被告四方人的关系和被告人的情况。被告人可能出现的情况。如何应对好。如何处理。必须有备而战，有方有法，有步有骤要去落实、去做好。

(六) 律师应该清楚被告某情方、3陪某情方。分工合作责任清淅。各尽一方，互相配合。互相应对来挑战双方。做好方方面面的准备。才能打胜这仗。这是我的要求，也是我的希望。团结一致。胜利肯定在我的一方。

谢谢二位大律师真诚合作