# EXHIBIT P

# KIRKLAND & ELLIS LLP
AND AFFILIATED PARTNERSHIPS

|  | 655 Fifteenth Street, N.W.<br>Washington, D.C. 20005 |  |
|---|---|---|
| Viet D. Dinh, P.C.<br>To Call Writer Directly:<br>+1 202 879 5017<br>viet.dinh@kirkland.com | United States<br><br>+1 202 879 5000<br><br>www.kirkland.com | Facsimile:<br>+1 202 879 5200 |

July 5, 2018

**By Hand Delivery**

Mr. Ng Lap Seng
240 East 47th Street
Apt 2C & 2D
New York, NY 10117

Re:   Paying Agent Agreement

Dear Mr. Ng:

We understand that **Mr. Ng Lap Seng** ("you") have authorized that the the bail bond funds exonerated following your surrender be released to Kirkland & Ellis LLP ("K&E") in order that K&E will act as your paying agent with respect to the redistribution of portions of such funds, pursuant to the Supplemental Letter for Retention to Provide Legal Services between you and K&E, dated August 18, 2017 (the "Supplemental Letter"), which is incorporated herein by reference.

1.   Appointment as Paying Agent. You hereby appoint K&E as your paying agent to perform the duties set forth in this letter agreement with respect to the bail bond funds exonerated following your surrender, as described in the Supplemental Letter. K&E hereby accepts such appointment in accordance with, and subject to, the terms and provisions of this letter agreement. K&E shall be under no duty or obligation to pay any interest or earnings on or with respect to amounts held or deposited hereunder, to collateralize or pledge any security therefor, or to segregate such amounts, except as required by law.

2.   Payment Instructions. Not later than four business days prior to any date on which any payment is to be made by K&E hereunder, you shall furnish, or cause to be furnished, to K&E in writing the following information: (a) the name and address of, and bank account information for, each payee; (b) the amount to be paid to each payee; (c) the date on which such payments are to be made; (d) any applicable forms with respect to tax withholding; (e) the amount to be withheld, if any, under applicable tax laws; and (f) such other information as K&E may request from time to time. Further, as reflected in Paragraph 6 of the Supplemental Letter, K&E may withdraw from the Account (as defined in the Supplemental Letter) any amount billed by K&E for fees and costs, upon approval by you of K&E's invoices or after 90 days after

**KIRKLAND & ELLIS LLP**

July 5, 2018
Page 2

invoicing. K&E will remit any excess funds to you or as directed by you in writing. Notwithstanding the foregoing, Kirkland is hereby authorized to deduct all amounts outstanding and owed to K&E promptly upon receipt of the exonerated bail bond amount described in the Supplemental Letter being released by the U.S. Government as payment with respect to all invoices issued prior to the date hereof, which the undersigned hereby approves in all respects.

   3.  <u>Deposit with K&E</u>. Prior to any payment date hereunder, you shall deposit, or cause to be deposited, with K&E immediately available funds in an amount at least equal to the aggregate amount to be paid by K&E on such payment date. In the event the amount deposited with respect to a payment date is less than the sum of the aggregate amounts specified in statements furnished to K&E with respect to such payment date, K&E shall notify you, and shall effect no payments with respect to such payment date until such discrepancy has been resolved. Payments by K&E hereunder shall be made only out of amounts deposited with K&E with respect to such payment. This Paragraph 3 applies only in the event the monies described in the Supplemental Letter are insufficient to satisfy the payment obligations communicated to K&E in accordance with Paragraph 2 above.

   4.  <u>Limitation on Liability; etc</u>. K&E shall have no duties or responsibilities whatsoever except such duties and responsibilities as are specifically set forth in this letter agreement, and no covenant or obligation shall be implied in this letter agreement, against K&E. K&E shall incur no liability and shall be fully protected in acting upon any written instruction from you. K&E shall not be liable for any loss or damage, including reasonable counsel fees and expenses, resulting from its actions or omissions to act hereunder, except for any loss or damage arising out of its own gross negligence or willful misconduct. Without limiting the generality of the foregoing, K&E shall not be liable for any action taken or omitted in reliance on any notice, direction, consent, certificate, affidavit, statement, designation or other paper or document reasonably believed by it to be genuine and to have been duly and properly signed or presented to it by you. You shall indemnify and exonerate, save and hold harmless K&E from and against any and all claims, demands, expenses (including reasonable counsel fees and expenses) and liabilities of any and every nature which K&E may sustain or incur or which may be asserted against K&E as a result of any action taken or omitted by K&E hereunder without gross negligence or willful misconduct. At any time, K&E may apply to you for written instructions with respect to any matter arising under this letter agreement and shall be fully protected in acting in accordance with such instructions. In addition, K&E may, as reasonably necessary, consult counsel to you or its counsel, at the expense of you, and shall be fully protected with respect to any action taken or omitted in good faith in accordance with such advice or opinion of counsel to you or its own counsel. K&E may employ agents or attorneys-in-fact, and shall not be liable for any loss or damage arising out of, or in connection with, the actions or omissions to act of such agents or attorneys-in-fact provided K&E acted without gross negligence or willful misconduct in connection with the selection of such agents or attorneys-in-fact. Notwithstanding any other provision elsewhere contained in this letter agreement, K&E is acting solely as agent

## KIRKLAND & ELLIS LLP

July 5, 2018
Page 3

of you and does not assume any obligation or relationship of agency or trust for or with any payee other than the limited obligations with respect to amounts deposited for payment to the payees hereunder.

      5.    <u>Expenses</u>. You agree promptly to reimburse K&E for all fees and expenses, including the amount of the Firm's attorney and paralegal time at normal billing rates, as incurred by us in connection with participating in, preparing for, or responding to any action, claim, suit or proceeding brought by or against any third-party that relates to the services provided by us under this letter agreement. Without limiting the scope of the foregoing, and by way of example only, this paragraph extends to all such fees and expenses incurred by K&E in responding to document subpoenas, and preparing for and testifying at depositions and trials.

      6.    <u>LLP</u>. Kirkland & Ellis LLP is a limited liability partnership organized under the laws of Illinois, and Kirkland & Ellis International LLP is a limited liability partnership organized under the laws of Delaware. Pursuant to those statutory provisions, an obligation incurred by a limited liability partnership, whether arising in tort, contract or otherwise, is solely the obligation of the limited liability partnership, and partners are not personally liable, directly or indirectly, by way of indemnification, contribution, assessment or otherwise, for such obligation solely by reason of being or so acting as a partner.

      7.    <u>Miscellaneous</u>. Either of the parties hereto may terminate this letter agreement by giving to the other a notice in writing specifying a termination date.  Any notice, instruction, request for instructions or other instrument in writing authorized or required by this letter agreement to given to either party shall be deemed given if addressed and mailed certified mail to it at its offices at the address first above written, or at such other place as such party may from time to time designate in writing. This letter agreement sets forth our entire agreement with respect to the subject matter described herein. It can be amended or modified only in a writing executed by both parties and not orally or by course of conduct. Nothing in this letter agreement, express or implied, shall give to any person, other than the parties hereto any benefit or any legal or equitable right, remedy or claim under this letter agreement. This letter agreement may be signed in one or more counterparts and binds each party countersigning below, whether or not any other proposed signatory ever executes it. This letter agreement shall be governed by, and construed in accordance with, the internal laws of **the State of New York**, without regard to conflicts of laws principles thereof. If any provision of this letter agreement or the application thereof is held invalid or unenforceable, the invalidity or unenforceability shall not affect other provisions or applications of this letter agreement which can be given effect without such provisions or application, and to this end the provisions of this letter agreement are declared to be severable.

## KIRKLAND & ELLIS LLP

July 5, 2018
Page 4

      We are not advising you with respect to this letter agreement, because we would have a conflict of interest in doing so. If you wish to receive such advice, you should consult independent counsel of your choice.

KIRKLAND & ELLIS LLP

July 5, 2018
Page 5

Please confirm your agreement with the arrangements described in this letter by signing the enclosed copy of this letter in the space provided below and returning it to us.

Very truly yours,

KIRKLAND & ELLIS LLP

By _____
Viet D. Dinh, P.C.

Agreed to and accepted this ____ day of July, 2018.

Mr. Ng Lap Seng

By: _____

Name: Mr. Ng Lap Seng