UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
THE LAW FIRM OF HUGH H. MO, P.C.,

                        Plaintiff,

      v.

NG LAP SENG ALSO KNOWN AS DAVID NG,

                        Defendant.
------------------------------------------------------------------X

Case No.: 1:20-cv-07077-AKH

**ANSWER**

Ng Lap Seng a/k/a David Ng ("Ng" or "Defendant"), by and through his undersigned attorneys Cohen Tauber Spievack & Wagner P.C., as and for his answer to the Complaint of the Law Firm of Hugh H. Mo, P.C. (the "Mo Firm" or "Plaintiff"), avers as follows:

## INTRODUCTION

1.      Denies the truth of the allegations set forth in paragraph 1 of the Complaint.

2.      Denies the allegations set forth in paragraph 2 of the Complaint and refers to the referenced written agreements for their terms.

## THE PARTIES

3.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 3 of the Complaint.

4.      Admits.

5.      Admits and refers to the referenced Court Order for its terms.

## JURISDICTION AND VENUE

6.      Paragraph 6 of the Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

7. Paragraph 7 of the Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

## FACTUAL BACKGROUND

8. Admits that Ng was arrested on October 6, 2015 and refers to the documents referenced in paragraph 8 of the Complaint for their contents.

9. Ng denies the allegations set forth in paragraph 9 of the Complaint and refers to the Initial Retainer for its terms.

10. Ng denies the allegations set forth in paragraph 10 of the Complaint and refers to the Initial Retainer for its terms.

11. Ng denies the allegations set forth in paragraph 11 of the Complaint and refers to the Initial Retainer for its terms.

12. Ng neither admits nor denies the allegations set forth in paragraph 12 of the Complaint, and refers to the Court documents for their terms.

13. Admits.

14. Admits that Ng paid the Mo Firm $1,000,000.00.

15. Admits that Ng signed a Supplemental Agreement and refers to that document for its terms.

16. Admits that Ng paid the Mo Firm $2,000,000.00.

17. Ng denies that the fixed legal fee was solely for the purpose of the trial phase and refers to the Supplemental Agreement for its terms.

18. Admits that Ng provided a list of items for his attorneys to familiarize themselves with and refers to the document referenced therein for its contents.

19. Denied.

20. Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 20 of the Complaint.

21. Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 21 of the Complaint.

22. Denied.

23. Denied.

24. Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 24 of the Complaint.

25. Denied.

26. Admits that Ng hired Dinh, a partner at K&E and paid K&E legal fees, and except as so admitted, denies the allegations set forth in paragraph 26 of the Complaint.

27. Admits.

28. Admits.

29. Admits that Ng made payments to the Mo Firm in the amount of $1 million, $600,000.00, $300,000.00, and $100,000.00 but except as so admitted, denies the allegations set forth in paragraph 29 of the Complaint.

30. Admits that Ng made a payment to the Mo Firm in the amount of $100,000 but except as so admitted, denies the allegations set forth in paragraph 30 of the Complaint.

31. Denies the allegations set forth in paragraph 31 of the Complaint and refers to the document for its contents.

32. Admits that Ng paid the Mo Firm millions of dollars, but except as so admitted, denies the allegations set forth in paragraph 32 of the Complaint.

33. Denies the allegations set forth in paragraph 33 of the Complaint, but admits that Ng acknowledged that the Mo Firm claimed he owned it money.

34. Denies knowledge or information sufficient to from a belief as to the truth of the allegations set forth in paragraph 34 of the Complaint and refers to the documents referenced therein for their contents.

35. Admits.

36. Denies knowledge or information sufficient to from a belief as to the truth of the allegations set forth in paragraph 36 of the Complaint.

37. Denies knowledge or information sufficient to from a belief as to the truth of the allegations set forth in paragraph 37 of the Complaint.

38. Admits.

39. Denies knowledge or information sufficient to from a belief as to the truth of the allegations set forth in paragraph 39 of the Complaint.

40. Denies knowledge or information sufficient to from a belief as to the truth of the allegations set forth in paragraph 40 of the Complaint and refers to the document referenced therein for its contents.

41. Denies knowledge or information sufficient to from a belief as to the truth of the allegations set forth in paragraph 41 of the Complaint and refers to the document referenced therein for its contents.

42. Denies knowledge or information sufficient to from a belief as to the truth of the allegations set forth in paragraph 42 of the Complaint and refers to the documents referenced therein for their contents.

43. Denies knowledge or information sufficient to from a belief as to the truth of the allegations set forth in paragraph 43 of the Complaint and refers to the documents referenced therein for their contents.

44. Denies knowledge or information sufficient to from a belief as to the truth of the allegations set forth in paragraph 44 of the Complaint and refers to the documents referenced therein for their contents.

45. Denies knowledge or information sufficient to from a belief as to the truth of the allegations set forth in paragraph 45 of the Complaint and refers to the documents referenced therein for their contents.

46. Denies knowledge or information sufficient to from a belief as to the truth of the allegations set forth in paragraph 46 of the Complaint and refers to the documents referenced therein for their contents.

47. Denies knowledge or information sufficient to from a belief as to the truth of the allegations set forth in paragraph 47 of the Complaint and refers to the documents referenced therein for their contents.

48. Denies knowledge or information sufficient to from a belief as to the truth of the allegations set forth in paragraph 48 of the Complaint and refers to the documents referenced therein for their contents.

49. Denies knowledge or information sufficient to from a belief as to the truth of the allegations set forth in paragraph 49 of the Complaint and refers to the documents referenced therein for their contents.

50. Denies knowledge or information sufficient to from a belief as to the truth of the allegations set forth in paragraph 50 of the Complaint and refers to the documents referenced therein for their contents.

51. Denies knowledge or information sufficient to from a belief as to the truth of the allegations set forth in paragraph 51 of the Complaint.

52. Denies knowledge or information sufficient to from a belief as to the truth of the allegations set forth in paragraph 52 of the Complaint.

53. Denied.

54. Denies knowledge or information sufficient to from a belief as to the truth of the allegations set forth in paragraph 54 of the Complaint.

55. Denies knowledge or information sufficient to from a belief as to the truth of the allegations set forth in paragraph 55 of the Complaint and refers to the document referenced therein for its terms.

56. Denied.

57. Admits that Ng retained J.T. Shulman to perform an audit but except as so admitted, denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 57 of the Complaint.

58. Denies knowledge or information sufficient to from a belief as to the truth of the allegations set forth in paragraph 58 of the Complaint.

59. Denied.

60. Denied.

61. Denied.

62. Admits that Ng has not paid the claimed $1.9 million but except as so admitted, denied.

### FIRST CAUSE OF ACTION
### (Breach of Contract)

63. Ng repeats and realleges the preceding paragraphs as if fully set forth herein.

64. Ng respectfully refers all matter of law to the Court.

65. Denied.

66. Admits that the Mo Firm demanded payment but except as so admitted, denied.

67. Admits that Ng has not paid the claimed $1.9 million but except as so admitted, denied.

68. Denied.

69. Denied.

### SECOND CAUSE OF ACTION
### (Account Stated)

70. Ng repeats and realleges the preceding paragraphs as if fully set forth herein.

71. Denied.

72. Denied.

73. Denied.

74. Admits that Ng made payments to the Mo Firm and, except as so admitted, denied.

75. Denied.

76. Denied.

77. Denied.

78. Denied.

## THIRD CAUSE OF ACTION
### (Unjust Enrichment)

79. Ng repeats and realleges the preceding paragraphs as if fully set forth herein.

80. Admits that the Mo Firm provided some services.

81. Denied.

82. Denied.

83. Denied.

84. Denied.

## FOURTH CAUSE OF ACTION
### (Quantum Meruit)

85. Ng repeats and realleges the preceding paragraphs as if fully set forth herein.

86. Admits that the Mo Firm provided some services.

87. Denied.

88. Admits that a demand has been made.

89. Denied.

90. Denied.

## AFFIRMATIVE DEFENSES

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

91. Plaintiff's claims are barred because they fail to state a claim upon which can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

92. Plaintiff's claims are barred in whole or in part because Plaintiff failed to perform its obligations under the various retainer agreements.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

93. Plaintiff's claims are barred in whole or in part because of the doctrine of "unclean hands."

WHEREFORE, Ng seeks a judgment as follows:

    (i)    dismissing Plaintiff's claims in their entirety;

    (ii)    awarding Ng costs and fees; and

    (iii)    all other relief that this Court deems just and proper.

Dated: December 4, 2020

                                    COHEN TAUBER SPIEVACK & WAGNER P.C.

                                    By: /s/ Stephen Wagner
                                          Stephen Wagner
                                          Sari Kolatch
                                          420 Lexington Avenue, Suite 2400
                                          New York, New York 10170
                                          Tel.: (212) 586-5800
                                          swagner@ctswlaw.com
                                          skolatch@ctswlaw.com
                                          *Attorneys for Ng Lap Seng*