UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X
THE LAW FIRM OF HUGH H. MO, P.C.,

        Plaintiff,

    -against-

NG LAP SENG a/k/a DAVID NG,

        Defendant.
------------------------------------------------------------------X
NG LAP SENG a/k/a DAVID NG,

        Third-Party Plaintiff,

    -against-

HUGH H. MO,

        Third-Party Defendant.
------------------------------------------------------------------X
NG LAP SENG a/k/a DAVID NG,

        Counterclaim Plaintiff,

    -against-

THE LAW FIRM OF HUGH H. MO, P.C.,

        Counterclaim Defendant.
------------------------------------------------------------------X

Case No. 1:20-cv-07077 (AKH)

**ANSWER AND REPLY TO DEFENDANT'S AMENDED ANSWER, COUNTERCLAIMS AND THIRD-PARTY COMPLAINT**

      Plaintiff and Counterclaim Defendant, The Law Firm of Hugh H. Mo, P.C. (the "Mo Firm") and Third-Party Defendant Hugh H. Mo ("Mo"), by their attorneys, The Law Firm of Hugh H. Mo, P.C., answer and reply to the First Amended Answer, Counterclaims and Third-Party Complaint (the "Counterclaims and Third-Party Complaint") of Defendant and Counterclaim Plaintiff Ng Lap Seng a/k/a David Ng ("Ng"), as follows:

1

## ANSWER AND REPLY TO COUNTERCLAIMS AND THIRD-PARTY COMPLAINT

1. Admit the allegations set forth in paragraph 1 of the Counterclaims and Third-Party Complaint.

2. Admit the allegations set forth in paragraph 2 of the Counterclaims and Third-Party Complaint.

3. Admit the allegations set forth in paragraph 3 of the Counterclaims and Third-Party Complaint.

4. Admit the allegations set forth in paragraph 4 of the Counterclaims and Third-Party Complaint.

5. Admit the allegations set forth in paragraph 5 of the Counterclaims and Third-Party Complaint.

6. Deny the allegations set forth in paragraph 6 of the Counterclaims and Third-Party Complaint except admit that on or about September 19, 2015, Ng was arrested and charged with making false statements to federal agents in connection with various sums of U.S. currency that was brought into the United States.

7. Admit the allegations set forth in paragraph 7 of the Counterclaims and Third-Party Complaint

8. Admit the allegations set forth in paragraph 8 of the Counterclaims and Third-Party Complaint.

9. Deny the allegations set forth in paragraph 9 of the Counterclaims and Third-Party Complaint except admit that on or about October 6, 2015, Mo visited Ng at MDC, not MCC, at the request of Ng's daughter-in-law, Crystal Sun, regarding representing Ng in connection with criminal charges against him.

10. Deny the allegations set forth in paragraph 10 of the Counterclaims and Third-Party Complaint and refer Ng to the Initial Retainer, in English and Chinese, and Ng's hand written notes, attached as Exhibit "A" to the Complaint (the "Complaint") filed by the Mo Firm in this action.

11. Deny the allegations set forth in paragraph 11 of the Counterclaims and Third-Party Complaint and refer Ng to the Supplemental Retainer Agreement and the Additional Terms and Conditions, in English and Chinese, attached as Exhibits "C" and "D" to the Complaint.

12. Deny the allegations set forth in paragraph 12 of the Counterclaims and Third-Party Complaint and refer Ng to the Supplemental Retainer Agreement and the Additional Terms and Conditions, in English and Chinese, attached as Exhibits "C" and "D" to the Complaint.

13. Deny the allegations set forth in paragraph 13 of the Counterclaims and Third-Party Complaint and refer Ng to the Initial Retainer, Ng's hand written notes, the Supplement Retainer Agreement, and the Additional Terms and Conditions, in English and Chinese, attached as Exhibits "A," "C," and "D" to the Complaint.

14. Deny the allegations set forth in paragraph 14 of the Counterclaims and Third-Party Complaint, and refer to the Initial Retainer and Ng's hand written notes, attached as Exhibit "A" to the Complaint.

15. Admit the allegations set forth in paragraph 15 of the Counterclaims and Third-Party Complaint, and refer Ng to the Initial Retainer and Ng's hand written notes, attached as Exhibit "A" to the Complaint for a full and accurate statement of its terms and conditions.

16. Deny the allegations set forth in paragraph 16 of the Counterclaims and Third-Party Complaint and refer Ng to the Initial Retainer and Ng's hand written notes attached as Exhibit "A" to the Complaint.

17. Deny the allegations set forth in paragraph 17 of the Counterclaims and Third-Party Complaint, except admit that Ng paid Brafman & Associates P.C., separately and directly.

18. Admit the allegations set forth in paragraph 18 of the Counterclaims and Third-Party Complaint.

19. Deny the allegations set forth in paragraph 19 of the Counterclaims and Third-Party complaint, except admit that Mo regularly provided legal advice and consultation to Ng during the entire period Ng was under home confinement.

20. Deny the allegations set forth in paragraph 20 of the Counterclaims and Third-Party Complaint, and refers Ng to the Initial Retainer, Ng's hand written notes, the Supplement Retainer Agreement, and the Additional Terms and Conditions, in English and Chinese, for their terms and conditions, attached as Exhibits "A," "C," and "D," to the Complaint.

21. Deny the allegations set forth in paragraph 21 of the Counterclaims and Third-Party Complaint, and refers Ng to the Initial Retainer, Ng's hand written notes, the Supplement Retainer Agreement, and the Additional Terms and Conditions, in English and Chinese, for their terms and conditions attached as Exhibits "A," "C," and "D," to the Complaint.

22. Deny the allegations set forth in paragraph 22 of the Counterclaims and Third-Party Complaint, and refers Ng to the Supplemental Retainer Agreement and the Additional Terms and Conditions, in English and Chinese, for their terms and conditions, attached as Exhibits "C" and "D" to the Complaint.

23. Deny the allegations set forth in paragraph 23 of the Counterclaims and Third-Party Complaint.

24. Deny the allegations set forth in paragraph 24 of the Counterclaims and Third-Party Complaint.

25. Deny the allegations set forth in paragraph 25 of the Counterclaims and Third-Party Complaint, except admit that or about April 2016, Brafman & Associates P.C. withdrew from representing Ng in the Criminal Action due to irreconcilable differences with Ng, and in or about April 2016, Ng retained and paid Park Jensen Bennett LLP as co-counsel to the Mo Firm in the Criminal Action.

26. Deny the allegations set forth in paragraph 26 of the Counterclaims and Third-Party Complaint, except admit that on or about June 2016, Ng retained and paid Shapiro Arato LLP as co-counsel to the Mo Firm in the Criminal Action.

27. Deny the allegations set forth in paragraph 27 of the Counterclaims and Third-Party Complaint.

28. Deny the allegations set forth in paragraph 28 of the Counterclaims and Third-Party Complaint.

29. Deny the allegations set forth in paragraph 29 of the Counterclaims and Third-Party Complaint.

30. Deny the allegations set forth in paragraph 30 of the Counterclaims and Third-Party Complaint, except admit that the trial in the Criminal Action took place with voir dire held on June 26, 2017 through verdict on July 27, 2017.

31. Deny the allegations set forth in paragraph 31 of the Counterclaims and Third-Party Complaint.

32. Admit the allegations set forth in paragraph 32 of the Counterclaims and Third-Party Complaint.

33. Deny the allegations set forth in paragraph 33 of the Counterclaims and Third-Party Complaint, but admit that Ng separately retained and directly paid the law firm of Kirkland & Ellis LLP.

34. Deny the allegations set forth in paragraph 34 of the Counterclaims and Third-Party Complaint.

## FIRST CLAIM FOR RELIEF
### (Fraudulent Inducement Against Mo and the Mo Firm)

35. The Mo Firm and Mo repeat the Answer to each of the preceding allegations set forth in paragraphs 1 to 34 to the Counterclaims and Third-Party Complaint as though fully set forth herein

36. Deny the allegations set forth in paragraph 36 of the Counterclaims and Third-Party Complaint, and refer Ng to the Initial Retainer and Ng's hand written notes attached as Exhibit "A" to the Complaint.

37. Deny the allegations set forth in paragraph 37 of the Counterclaims and Third-Party Complaint, and refer Ng to the Initial Retainer, Ng's hand written notes, the Supplement Retainer Agreement, and the Additional Terms and Conditions, in English and Chinese, for their terms and conditions, attached as Exhibits "A," "C," and "D" to the Complaint.

38. Deny the allegations set forth in paragraph 38 of the Counterclaims and Third-Party Complaint, and refer Ng to the Initial Retainer and Ng's hand written notes, attached as Exhibit "A" to the Complaint.

39. Deny the allegations set forth in paragraph 39 of the Counterclaims and Third-Party Complaint.

40. Deny the allegations set forth in paragraph 40 of the Counterclaims and Third-Party Complaint.

41. Deny the allegations set forth in paragraph 41 of the Counterclaims and Third-Party Complaint.

42. Deny the allegations set forth in paragraph 42 of the Counterclaims and Third-Party Complaint and refer Ng to the Supplemental Retainer Agreement and the Additional Terms and Conditions, in English and Chinese, for their terms and conditions, attached as Exhibits "C" and "D" to the Complaint.

43. Deny the allegations set forth in paragraph 43 of the Counterclaims and Third-Party Complaint and refer Ng to the Supplemental Retainer Agreement and the Additional Terms and Conditions, in English and Chinese, for their terms and conditions, attached as Exhibits "C" and "D" to the Complaint.

44. Deny the allegations set forth in paragraph 44 of the Counterclaims and Third-Party Complaint.

45. Deny the allegations set forth in paragraph 45 of the Counterclaims and Third-Party Complaint.

46. Deny the allegations set forth in paragraph 46 of the Counterclaims and Third-Party Complaint.

47. Deny the allegations set forth in paragraph 47 of the Counterclaims and Third-Party Complaint.

48. Deny the allegations set forth in paragraph 48 of the Counterclaims and Third-Party Complaint.

49. Deny the allegations set forth in paragraph 49 of the Counterclaims and Third-Party Complaint.

50. Deny the allegations set forth in paragraph 50 of the Counterclaims and Third-Party Complaint.

51. Deny the allegations set forth in paragraph 51 of Counterclaims and Third-Party Complaint.

52. Deny the allegations set forth in paragraph 52 of the Counterclaims and Third-Party Complaint.

53. Deny the allegations set forth in paragraph 53 of the Counterclaims and Third-Party Complaint.

54. Deny the allegations set forth in paragraph 54 of the Counterclaims and Third-Party Complaint.

**SECOND CLAIM FOR RELIEF**
**(Breach of Contract Against the Mo Firm)**

55. The Mo Firm repeats the Answer to each of the preceding allegations set forth in paragraphs 1 to 54 to the Counterclaims and Third-Party Complaint as though fully set forth herein.

56. The Mo Firm admits the allegations set forth in paragraph 56 of the Counterclaims and Third-Party Complaint.

57. The Mo Firm admits the allegations set forth in paragraph 57 of the Counterclaims and Third-Party Complaint.

58. The Mo Firm denies the allegations set forth in paragraph 58 in the Counterclaims and Third-Party Complaint and refers Ng to the Initial Retainer, Ng's hand written notes, the Supplement Retainer Agreement, and the Additional Terms and Conditions, in English and Chinese, for their terms and conditions, attached as Exhibits "A," "C," and "D" respectively, to the Complaint.

59. The Mo Firm denies the allegations set forth in paragraph 59 of the Counterclaims and Third-Party Complaint, and refers to the Initial Retainer, Ng's hand written notes, the Supplement Retainer Agreement, and the Additional Terms and Conditions, in English and Chinese, for their terms and conditions, attached as Exhibits "A," "C," and "D" to the Complaint.

60. The Mo Firm denies the allegations set forth in paragraph 60 of the Counterclaims and Third-Party Complaint.

61. The Mo Firm denies the allegations set forth in paragraph 61 of the Counterclaims and Third-Party Complaint.

62. The Mo Firm denies the allegations set forth in paragraph 62 of the Counterclaims and Third-Party Complaint.

63. Denies the allegations set forth in paragraph 64 of Counterclaims and Third-Party Complaint.

## FIRST AFFIRMATIVE DEFENSE

64. Ng fails to state a claim upon which relief may be granted as to Defendant Mo with respect to the first claim for relief. The underlying claim arises out of a transaction for legal services involving a professional corporation, and Ng has failed to sufficiently allege facts and circumstances to pierce the corporate veil of the Mo Firm or support a theory of individual liability.

## SECOND AFFIRMATIVE DEFENSE

65. Ng's claims are barred because they fail to state a cause of action for which relief can be granted.

### THIRD AFFIRMATIVE DEFENSE

66. Ng's claims are barred in whole or in part because of the doctrine of "unclean hands".

### FOURTH AFFIMATIVE DEFENSE

67. Ng's claims are barred in whole or in part by the applicable statute of limitations.

### FIFTH AFFIMATIVE DEFENSE

68. Ng's claims are barred by the doctrines of waiver, estoppel and/or laches.

**WHEREFORE,** Plaintiff, Counterclaim Defendant The Law Firm of Hugh H. Mo, P.C. and Third-Party Defendant Hugh H. Mo respectfully request that this Court enters judgment, as follows:

(a) awarding judgment in favor of Plaintiff and Counterclaim Defendant, The Law Firm of Hugh H. Mo, P.C., against Defendant and Counterclaim Plaintiff, Ng Lap Seng a/k/a David Ng in an amount to be determined at trial and not less than $1.9 million, plus interest from July 31, 2017, pursuant to the Complaint;

(b) dismissing all claims against Plaintiff and Counterclaim Defendant, The Law Firm of Hugh H. Mo, P.C. and Third-Party Defendant Hugh H. Mo in their entirety; and

(c) granting all other relief that this Court may deem just and proper.

Dated: New York, New York
January 29, 2021

THE LAW FIRM OF HUGH H. MO, P.C.

By: _____
Hugh H. Mo
Pedro Medina
Elizabeth L. Mo

225 Broadway, 27th Floor
New York, New York 10007
Tel: (212) 385-1500
Fax: (212) 385-1870
Email: hhmo@hhmolaw.com

*Counsel for Plaintiff, Counterclaim Defendant and Third-Party Defendant*

TO: Cohen Tauber Spievack & Wagner P.C.
420 Lexington Avenue, Suite 2400
New York, New York 10170
Tel: (212) 381-8729
Fax: (212) 586-5095

*Attorneys for Defendant, Counter-Claim Plaintiff and Third-Party Plaintiff*

11