UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X
THE LAW FIRM OF HUGH H. MO, P.C.,

                Plaintiff,

     -against-

NG LAP SENG a/k/a DAVID NG,

               Defendant.
------------------------------------------------------------------X
NG LAP SENG a/k/a DAVID NG,

                Third-Party Plaintiff,

     -against-

HUGH H. MO,

                Third-Party Defendant.
------------------------------------------------------------------X
NG LAP SENG a/k/a DAVID NG,

                Counterclaim Plaintiff,

     -against-

THE LAW FIRM OF HUGH H. MO, P.C.,

                Counterclaim Defendant.
------------------------------------------------------------------X

Case No. 1:20-cv-07077 (AKH)

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DETERMINE THE
INSUFFICIENCY OF NG LAP SENG's RESPONSES
TO PLAINTIFF, THIRD-PARTY DEFENDANT AND COUNTERCLAIM
<u>DEFENDANT'S AMENDED REQUEST FOR ADMISSIONS</u>**

**THE LAW FIRM OF HUGH H. MO, P.C.
225 Broadway, Suite 2702
New York, New York 10007
(212) 385-1500 (Tel.)
(212) 385-1870 (Fax)
Email:  hhmo@hhmolaw.com**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X
THE LAW FIRM OF HUGH H. MO, P.C.,

                                                       Case No. 1:20-cv-07077 (AKH)

        Plaintiff,

  -against-

NG LAP SENG a/k/a DAVID NG,

        Defendant.
-----------------------------------------------------------------X
NG LAP SENG a/k/a DAVID NG,

        Third-Party Plaintiff,

  -against-

HUGH H. MO,

        Third-Party Defendant.
-----------------------------------------------------------------X
NG LAP SENG a/k/a DAVID NG,

        Counterclaim Plaintiff,

  -against-

THE LAW FIRM OF HUGH H. MO, P.C.,

        Counterclaim Defendant.
-----------------------------------------------------------------X

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DETERMINE THE INSUFFICIENCY OF NG LAP SENG's RESPONSES TO PLAINTIFF, THIRD-PARTY DEFENDANT AND COUNTERCLAIM <u>DEFENDANT'S AMENDED REQUEST FOR ADMISSIONS</u>**

i

# **TABLE OF CONTENTS**

TABLE OF CONTENTS ................................................................................................................. i

TABLE OF AUTHORITIES ......................................................................................................... ii

PRELIMINARY STATEMENT ................................................................................................... 1

   STATEMENT OF FACTS ....................................................................................................... 1

   RELEVANT PROCEDURAL HISTORY ............................................................................... 4

      I.    Purpose of Fed. R. Civ. P. 36 ........................................................................................ 6

      II.   Legal Standard ............................................................................................................... 7

      III.  Procedure ...................................................................................................................... 8

      IV.  Application ................................................................................................................... 9

          A.    THE RFA'S ARE NOT "VAGUE, OVERLY BROAD AND AMBIGUOUS" ......... 9

          B.    THE RFA'S IN THIS CASE ARE NOT DESIGNED TO DISCOVER FACTS ...... 11

CONCLUSION ............................................................................................................................ 12

# **TABLE OF AUTHORITIES**

**Cases**

*BAT LLC v. TD Bank N.A.*,
15-cv-5839 (RRM) (CLP), 2018 WL 3626428, (E.D.N.Y. July 20, 2018) ................................... 7

*Dubin v. E.F. Hutton Grp.*,
125 F.R.D. 372 (S.D.N.Y. 1989) ............................................................................... 7, 8, 10, 11

*Freydl v. Meringolo*,
2011 WL 2566079, (S.D.N.Y. June 16, 2011) ........................................................................ 9

*Henry v. Champlain Enterprises, Inc.*,
212 F.R.D. 73 (N.D.N.Y. 2003) ......................................................................................... 8, 10

*Herrera v. Scully*,
143 F.R.D. 545 (S.D.N.Y. 1992) ............................................................................................ 10

*In re Keuring Green Mountain Single-Serve Antitrust Litig.*,
No. 14 Md 2542 (VSB) (SLC), 2020 WL 6290584 (S.D.N.Y. Oct. 27, 2020) ....................... 7, 8

*Republic of Turkey v. Christie's, Inc.*,
326 F.R.D. 394 (S.D.N.Y. 2018) .......................................................................................... 7, 8

*Spectrum Dynamics Medical Limited v. General Electric Company et al.*,
18-cv-11386 (VSB) (KHP), 2021 WL 73521 (S.D.N.Y. 2018) .............................................. 11

*T. Rowe Price Small Cap Fund v. Oppenheimer & Co.*,
174 F.R.D. 38 (S.D.N.Y. 1997) ............................................................................................... 7

*Thalheim v. Eberheim*,
124 F.R.D. 34 (D. Conn. 1988) ................................................................................................ 9

*United Coal Cos. v. Powell Constr. Co.*,
839 F.2d 958 (3d Cir. 1988) ..................................................................................................... 7

*Versatile Housewares v. SAS Grp.*, No. 09 Civ. 10182 (KMK) (PED),
2010 WL 11601225, (S.D.N.Y. July 15, 2010) ..................................................................... 7, 8

*Wiwa v. Royal Dutch Petro. Co.*,
Nos. 96 Civ. 8386 & 01 Civ. 1909 (KMW) (HBP), 2009 WL 1457142 (S.D.N.Y. May 26, 2009)
................................................................................................................................... 7, 9, 10

**Other Authorities**

7 Moore's Fed. Practice § 36.10[6] ............................................................................................. 9, 13

8B Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure
    § 2263 (3d ed. 2010) ................................................................................................................ 11

Fed. R. Civ. P. 36 advisory committee notes to 1970 amendment ............................................. 8, 9

**Rules**

Federal Rules of Civil Procedure 34 ............................................................................................... 9

Federal Rules of Civil Procedure 36 ......................................................................................... 6, 10

## PRELIMINARY STATEMENT

Plaintiff, The Law Firm of Hugh H. Mo, P.C. (the "Mo Firm") and Third-Party/Counterclaim Defendant Hugh H. Mo ("Mo") submit this Memorandum of Law in support of their motion for an Order, pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 36, to determine the insufficiency of Defendant and Counterclaim/Third-party Plaintiff Ng Lap Seng responses to the Mo Firm's and Mo's Amended Request for Admission (the "RFAs").

The RFA's in this case are simple and direct, not vague or ambiguous. The RFAs are not an improper effort by the Mo Firm and Mo to obtain new information, which is not permitted under Fed. R. Civ. P. 36. Rather, they are designed to narrow and limit the material issues for trial. The RFAs are not unduly vague, overly broad and ambiguous. They are limited to singular relevant facts. Each of the RFAs, that are the subject of instant Motion, states the specific and discrete fact in a way that they can be simply denied or admitted without any need of explanation or qualification. They are designed to narrow the material issues in this case by having Ng admit or deny specific facts are within his knowledge.

The RFAs are structured in order to save the parties valuable time and substantial resources, which would otherwise have to be spent unnecessarily to prove certain facts at trial. The parties have concluded discovery in the form of interrogatories, deposition, and request for production of documents. The RFAs in this case merely narrow the issues by having Ng either admit or deny specific facts in order to assist in the resolution of this case.

## STATEMENT OF FACTS

On August 31, 2020, the Mo Firm filed this action to recover $1.9 million against Ng of outstanding legal fees in connection with retainer agreements in connection with a criminal

1

prosecution entitled, *United States v. Ng Lap Seng, et al.*, 15-cr-706 (VSB) (the "Ng Case"). (Dkt. #1).

After his arrest on October 6, 2015, the Mo Firm and Ng entered into a Retainer Agreement, dated October 8, 2015 (the "Initial Retainer"), concerning the bail phase of the Ng Case. The Initial Retainer provided for a fixed legal fee in the total amount of $1 million. *Id.*, ¶¶ 9-12. Ng was released on a $50 million bail bond and paid the $1 million to the Mo Firm as required under the Initial Retainer Agreement. *Id.*, ¶¶ 12-14).

After Ng's release on bail, the Mo Firm and Ng entered into a Supplemental Retainer Agreement on November 1, 2015 (the "Supplemental Agreement"). The Supplemental Agreement provided for a fixed legal fee in the amount of $5 million for the Mo Firm's representation of Ng, broken up as follows: $2 million for the pre-trial phase of the Ng Case and $3 million to be paid for the trial phase of the Ng Case. (*Id.*, ¶¶15-17).

On November 16, 2015, Ng drafted six additional terms and conditions titled, "Ng Lap Seng Terms and Conditions for Attorneys' Retainer Agreements" (the "Additional Terms and Conditions"), that were incorporated and made part of the Supplemental Agreement. (*Id.*, ¶ 18).

Ng has paid the Mo Firm $2 million in full satisfaction of the amount due the Mo Firm for its representation of Ng during the handling the pre-trial phase of the Ng Case, as set forth in the Supplemental Agreement. (*Id.*, ¶ 16).

However, Ng has only paid $1.1 million of the $3 million in connection with the Mo Firm's representation of Ng in the trial phase of the Ng Case, thereby, leaving a balance of $1.9 million due and owing to the Mo Firm under the Supplemental Agreement. (*Id.*, ¶¶29-32).
Ng's jury trial lasted from June 30, 2017 to July 27, 2017 when he was convicted and thereafter sentenced on May 11, 2018 to 48 months imprisonment, with additional penalties of $1,000,000

fine, $1,500,000 forfeiture, $302,977.20 restitution, and a special assessment of $600.00. (*Id.*, ¶¶ 27, 28, & 38).

The Mo Firm represented Ng for thirty-three (33) months and conducted countless daily meetings with Ng, his associates, witnesses, expert witnesses, co-counsel, investigators, document reviewers, trial preparation specialists, and others as part of its pre-trial and trial investigation and preparation. The Mo Firm reviewed hundreds of thousands of pages of emails, phone records, WeChat messages, investigation and expert reports, and documents in English and Chinese, and supervised a team of document reviewers in the review and analysis of over 2.5 million discovery documents turned over by the government. (*Id.*, ¶ 20)

The Mo Firm assembled, coordinated, and directed a legal team consisting of seven law firms, including white-collar defense firms, Caribbean Islands firms, international law and United Nations experts, private investigation firms, trial exhibit/graphic firms, Chinese and Spanish document translators, document reviewers, and trial preparation-related services. Mo, as the principal of the Mo Firm, also interacted with United Nations and Chinese government officials and personally visited China on two separate occasions to conduct investigations in support of the Ng Case. (*Id.*, ¶ 20).

Despite due demand, Ng has failed and refused to pay the $1.9 million outstanding invoices due and owing pursuant to the Supplemental Agreement. *Id.*, ¶ 31.

Ng and agents acting on his behalf repeatedly acknowledged that he owed the Mo Firm the $1.9 million balance due and owing under the Supplemental Agreement. *Id.*, ¶¶ 33-34, 37-38 & 47-48.

**RELEVANT PROCEDURAL HISTORY**

On January 22, 2021, the Court directed that the production of documents must be completed by February 19, 2021, Mo's deposition to be taken by March 15, 2021, and that all fact discovery be completed by April 19, 2021.

All discovery in the nature of interrogatories, document requests, and deposition of Mo having been completed, the Mo Firm and Mo served Ng with 103 RFAs under Fed. R. Civ. P. 36 on April 19, 2021.

During a status conference on May 7, 2021, the Court directed that the number of RFA's be pared down to 20. On May 21, 2021, the Mo Firm and Mo served amended RFA's on Ng's counsel. A copy of the amended RFAs are attached as Exhibit "A" to the Declaration of Hugh H. Mo (the "Mo Decl."), dated August 13, 2021.

On June 21, 2021, Ng, through his counsel, served boilerplate responses to the RFAs in which he objected to RFA Nos. 1, 2, 4, and 5, as being "vague, overly broad, and ambiguous". *See*, Mo Decl., Exhibit "B". In fact, these requests are simple concise statements asking that Ng admit that he never expressed to the Mo Firm, verbally or in writing, that he was dissatisfied with the Mo Firm's performance under the three agreements the parties entered into concerning the Criminal Prosecution: the Initial Retainer (RFA No. 1), the Supplemental Retainer (RFA No. 2) and the Additional Terms and Conditions (RFA No. 3). At the heart of this case is each parties' claims against each other for breach of these agreements merely seek admission of the fact that Ng never expressed his dissatisfaction with the Mo Firm's performance of its obligations under each separate agreement. *Id*., Exhibit "B", pp. 1-7.

Moreover, RFA No. 5, seeks admission of the fact that Ng never, verbally or in writing, objected to the Mo Firm that he was paying separate additional legal fees for work performed by

4

the Mo Firm's co-counsel, rather than the Mo Firm paying co-counsel's legal fees out of the $6 million fixed fee under the Retainer Agreement and Supplemental Agreement. Id., Exhibit "B", p. 4. RFA No. 5, goes directly to the issue repeatedly raised by Ng's counsel to the Court and during Mo's deposition that the Mo Firm was not lead counsel but had instead farmed out its responsibility to non-party co-counsel. *See*, First Amended Answer, Counter-claim, and Third Party Complaint, Dkt. # 23, at ¶¶ 23-30. While the Court has repeatedly noted that legal services by other attorneys who were separately retained and paid for by Ng are not relevant to the parties' respective claims of breach of the contracts they entered into with each other, Ng persists in raising this issue.

Ng also submitted boilerplate objections to RFAs Nos. 3, 7-9, 12-16, 18, and 20, claiming that they are improper because they serve the purpose of eliciting facts and information rather than confirming information so as to eliminate the need for proofs at trial. *Id*., Exhibit "B", pp. 7-12.

As can be readily seen from their wording, the RFAs are not being used as a substitute for other discovery methods such as document requests, interrogatories, and depositions. Rather, as set forth in more detail below, these RFAs are designed to confirm facts and eliminate issues for trial. They are not designed to discovery information. Ng's responses merely constitute boilerplate and ignores their plain language.

As representative examples of the RFAs' compliance with the requirements of Fed. R Civ. P. 36, the Mo Firm and Mo requested the following:

**Request No. 7:**

Admit that upon receiving the invoices from the Mo Firm, Ng made no objection, complaint or any communication to the Mo Firm as to why Ng should not pay.

5

**Request No. 8:**

Admit that upon receiving written demand or payment from the Mo Firm, Ng made no objection, complaint, or any other communication to the Mo Firm as to why Ng should not pay.

As set forth more fully below, these particular RFAs, and the others identified below, are not designed to act as a substitute to contention interrogatories or other discovery devices. These RFAs are simple concise statements of fact that can simply be responded to by a simple "Admit" or "Deny".

On July 2, 2021, the Mo Firm and Mo wrote to Ng's counsel setting forth their objections and requested a meeting to discuss the issues raised in the responses. *Id*., Exhibit "C". On August 6, 2021, counsel for the parties had a telephone conference to resolve their dispute – they were unsuccessful – and on August 11, 2021, counsel submitted a letter setting forth Ng's position. *Id*., Exhibit "D". Based on the letter, Ng has amended his initial responses so as to provide a specific admission or denial of certain requests. However, his position has not changed with respect to his objections to RFA Nos. 1, 2, 4, 5, 6, 7, 8, 9, 10, 18, and 20. Therefore, the Mo Firm and Mo respectfully request that the Court, after determining the sufficiency of the RFAs under Fed. R. Civ. P., order that this matter be deemed admitted or that an amended answer be served.

## ARGUMENT

## THE RFAs MEET THE STANDARDS IN FED. R. CIV. P. 36

**I.    Purpose of Fed. R. Civ. P. 36**

Requests for Admission under Fed. R. Civ. 36 are designed to "ascertain whether the answering party is prepared to admit or regards the matter as presenting a genuine issue for trial." *Fed. R. Civ. P. 36 advisory committee notes to 1970 amendment*. They are not designed to discover information like other discovery rules such as Fed. R. Civ. P. 34. *See, In re Keuring Green Mountain Single-Serve Antitrust Litig.*, No. 14 Md 2542 (VSB) (SLC), 2020 WL 6290584,

6

at *4 (S.D.N.Y. Oct. 27, 2020). ("A request for admission pursuant to Federal Rule of Civil Procedure 36 is 'not a discovery device'") (*quoting T. Rowe Price Small Cap Fund v. Oppenheimer & Co.*, 174 F.R.D. 38, 42 (S.D.N.Y. 1997).

Rather, "admissions function very much as pleadings do," and facilitate trial preparation in the same way a stipulated fact would. *See*, Fed. R. Civ. P. 36 advisory committee notes to 1970 amendment. An RFA is a "procedure for obtaining admissions for the record of facts already known by the seeker." *Versatile Housewares v. SAS Grp.*, No. 09 Civ. 10182 (KMK) (PED), 2010 WL 11601225, at *1 (S.D.N.Y. July 15, 2010) (*quoting Dubin v. E.F. Hutton Grp.*, 125 F.R.D. 372, 375 (S.D.N.Y. 1989). Thus, Courts have found RFAs to be improper when served to elicit facts and information rather than to confirm information so as to eliminate the need for proof at trial. *See*, *Republic of Turkey v. Christie's, Inc.*, 326 F.R.D. 394, 399 (S.D.N.Y. 2018) (quoting 7 Moore's Fed. Practice § 36.02(1) (3d ed. 2013); *Dubin v. E.F. Hutton Grp.*, 125 F.R.D. 372, 375 (S.D.N.Y. 1989). In other words, RFAs are not a substitute for other discovery methods such as document requests, interrogatories, and depositions. *See, BAT LLC v. TD Bank N.A.*, 15-cv-5839 (RRM) (CLP), 2018 WL 3626428, at *5 (E.D.N.Y. July 20, 2018)

## II. <u>Legal Standard</u>

An RFA "should be simple and direct, not vague or ambiguous." *Wiwa v. Royal Dutch Petro. Co.*, Nos. 96 Civ. 8386 & 01 Civ. 1909 (KMW) (HBP), 2009 WL 1457142, at *4 (S.D.N.Y. May 26, 2009) (citing 7 Moore's Fed. Practice § 36.10[6]). An RFA "should state the fact in such a way that it can be denied or admitted 'with an absolute minimum of explanation or qualification.'" *Id*. (*quoting United Coal Cos. v. Powell Constr. Co.*, 839 F.2d 958, 968 (3d Cir. 1988)). "Requests for Admission should be drafted in such a way that a response can be rendered upon a mere examination of the request. To facilitate clear and succinct response, the facts stated with the request must be singularly, specifically, and carefully detailed." *See*, *Henry v. Champlain*

7

*Enterprises, Inc.*, 212 F.R.D. 73, 77 (N.D.N.Y. 2003) (citations omitted).  Objections to RFAs as "vague, ambiguous, overbroad and burdensome" will be sustained where the RFAs are "not simple concise statements of fact, but instead contained vague and ambiguous wording that did not allow defendants fairly to admit or deny."  *Dubin*, 125 F.R.D. at 376.  The burden of showing that the RFAs are simple and direct, not vague or ambiguous rests with the party requesting the admissions.  *See, BAT LLC,* 2018 WL 3626428, at *5.  The answering party may also assert lack of knowledge under certain circumstances, and may assert objections based on "vagueness, that is, the respondent cannot answer because the meaning of the request is uncertain."  *Rep. of Turkey*, 326 F.R.D. at 399 (*quoting* 7 Moore's Fed. Practice § 36.11[5] [c]).

### III.    Procedure

In response to a properly constructed RFA, a party must either admit the matter, "specifically deny it or state in detail why the answering party cannot truthfully admit or deny it."  *See*, Fed. R. Civ. P. 36 (a) (4).  An RFA denial "must fairly respond to the substance of the matter."  Fed. R. Civ. P. 36 (a) (6).

Where a party has responded to an RFA, "[t]he propounding party may move for a judicial determination of the sufficiency of an answer or objection." *Keurig* 2020 WL 6290584, at *4.  If the court finds that the response does not comply with Rule 36, "the court may order either that the matter is admitted or that an amended answer be served." Fed. R. Civ. P. 36(a) (6).  A court is "invested with substantial discretion under [Fed. R. Civ. P.] 36 . . . to determine the propriety" of the RFAs and corresponding answers and objections.  *Versatile Housewares* 2010 WL 11601225, at *1 (*quoting Dubin*, 125 F.R.D. at 373).  If an RFA "seek[s] information as to fundamental disagreement[s] at the heart of the lawsuit, or [is] unduly burdensome, a court may excuse a party from responding to the request [].'" *Rep. of Turkey*, 326 F.R.D. at 399.

"When assessing the sufficiency of a party's responses, a court considers whether the response meets the substance of the request and whether any qualifications are demanded by, and made in, good faith." *Wiwa*, 2009 WL 1457142, at *5; *see also, e.g., Thalheim v. Eberheim*, 124 F.R.D. 34, 35 (D. Conn. 1988). "On a Rule 36(a) (6) motion, '[t]he burden is on the objecting party to persuade the court that there is a justification for the objection.' " *Freydl v. Meringolo*, 2011 WL 2566079, at *2 (S.D.N.Y. June 16, 2011) (*quoting* 8B Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 2263 (3d ed. 2010)).

### IV.  Application

Mo's RFAs are in accord with the purpose of Rule 36 as they are designed to confirm information and eliminate issues for trial.  They are not tantamount to contention interrogatories, The RFA's narrow issues, the answers to them would provide denial or admission of precise and narrow facts that would assist the ultimate fact-finder in determining the merits of the parties' respective cases.

#### A.  THE RFA'S ARE NOT "VAGUE, OVERLY BROAD AND AMBIGUOUS"

Ng objects to RFA's 1, 2, 4, and 5 because the use of the word "dissatisfied" renders these RFAs "vague, overly broad, and ambiguous."  This is baseless. The RFA's state as follows:

**Request No. 1:**

Admit that Ng never expressed to the Mo Firm, either verbally or in writing, that he was dissatisfied with the Mo Firm's performance of its obligations under the Retainer Agreement signed by Ng on October 8, 2015. (Exhibit "A.").

**Request No. 2:**

Admit that Ng never expressed to the Mo Firm that he was dissatisfied, either verbally or in writing, with the Mo Firm's performance of its obligations under the Supplemental Retainer Agreement, signed by Ng on November 1, 2015. (Exhibit "B.").

9

**Request No. 4:**

Admit that Ng never expressed to the Mo Firm, either verbally or in writing, that he was dissatisfied with the Mo Firm's performance of its obligations under the Additional Terms and Conditions.

**Request No. 5:**

Admit that Ng never complained nor objected, either verbally or in writing, to the Mo Firm that he was paying a separate additional fee for the work performed by the Mo Firm's co-counsel (Park Jensen, Shapiro Arato, and Sills Cummis), rather than the Mo Firm paying co-counsel's legal fees out of the $6 million fixed fee under the Retainer Agreement and Supplemental Retainer Agreement.

As noted above the parties entered into two separate and distinct retainer agreements which governed specific and particular aspects of the Ng Case, the bail phase (the Initial Retainer), the pre-trial and trial (Supplemental Agreement), and additional aspects which Ng wanted the Mo Firm to also undertake (the Additional Terms).  Central to this case is each parties' claim of breach of these individual and separate agreements.  RFAs No. 1, 2, and 4 are very narrowly and concisely written to request that Ng admit that he did not express any dissatisfaction (meaning unhappiness, discontent, or objection) with the nature of the Mo Firm's performance concerning each of these agreements.  The hundreds of thousands of pages of materials and documents exchanged and made available for inspection and copying by both parties do not contain any evidence of written or verbal dissatisfaction or complaints by Ng as to the Mo Firm's performance of its responsibilities under any of these agreements.  RFA's Nos. 1, 2, 4 are statements of fact that are concisely and unambiguously stated. *See, Wiwa* 2009 WL 1457142, at *4; *Henry* 212 F.R.D. at 77; *Dubin*, 125 F.R.D. at 376; *Herrera v. Scully*, 143 F.R.D. 545, 549 (S.D.N.Y. 1992).  Therefore, as Ng's response is inadequate, the Court should deem these matters admitted that throughout the Mo Firm's representation he did not express verbally or in writing of his dissatisfaction of the Mo Firm's performance under the parties' retainer agreements.

Similarly, RFA No. 5, goes to Ng's repeated assertions that the Mo Firm and Mo had not done the work of a lead counsel but rather farmed out the work to the non-party co-counsel in the Ng Case. This RFA is simple and concise and goes directly to a relevant and specific issue as to whether Ng ever expressed to the Mo Firm or Mo individually, that he was dissatisfied with having to directly pay rather than having the fees be taken from the Mo Firm's fees under the Initial Retainer and/or the Supplemental Agreement.

### B. THE RFA'S IN THIS CASE ARE NOT DESIGNED TO DISCOVER FACTS.

Ng objects to RFA's 7, 8, 9, 10, and 20 on the grounds that they seek "to discover facts rather than narrow issues for trial that are not in dispute". *See*, Mo Decl., Exhibit B, 7-12. These RFAs are not seeking to discover admissible evidence; rather, these RFAs are calculated to eliminating the necessity of proving facts that are not in substantial dispute and to narrow the scope of disputed issues. *See*, *Spectrum Dynamics Medical Limited v. General Electric Company et al.*, 18-cv-11386 (VSB) (KHP), 2021 WL 73521 (S.D.N.Y. 2018) (quoting 7 Moore's Fed. Practice §36.02(1) (3d ed. 2013); *Dubin.*

The RFA's state as follows:

**Request No. 7:**

Admit that upon receiving the invoices from the Mo Firm, Ng made no objection, complaint or any other communication to the Mo Firm as to why Ng should not pay.

**Request No. 8:**

Admit that upon receiving written demand for payment from the Mo Firm, Ng made no objection, complaint or any other communication to the Mo Firm as to why Ng should not pay.

**Request No. 9:**

Admit that during a meeting with Mo on November 1, 2017, Ng acknowledged that he owed the Mo Firm $1.9 million outstanding invoice. (Exhibits "E" and "F.").

**Request No. 10:**

Admit that during a meeting with Mo on November 1, 2017, Ng said that he would pay the entire $1.9 million outstanding balance out of the Cash Bail Funds upon release to K&E pursuant to an assignment agreement, signed by Ng on August 18, 2017. (Exhibit "F.").

**Request No. 18:**

Admit that the audit was substantially completed by J.T. Schulman in or about April 2019 and that it was awaiting instructions from Ng's agent, Sue Huang, to close the audit with a final report. (Exhibit "N.")

**Request No. 20:**

Admit in or about April 2019 Ng and/or Feilan refused to instruct J.T. Schulman to close the audit with a final report.

Each of these RFA's are narrowly tailored and serve to confirm information that has been obtained throughout the pre-trial discovery, as evinced by the exhibits referenced thereto. Again, the parties have exchanged, reviewed, and made available hundreds of thousands of pages of documents, responded to interrogatories, and conducted Mo's deposition. These narrow and specific RFAs merely seek to confirm what has been determined from discovery so as to save the parties valuable time and substantial resources in proving certain facts either on dispositive motions or trial. They are not framed in order to elicit facts in which interrogatories would be the appropriate vehicle. *See*, *Republic of Turkey* 326 F.R.D. at 399; *Dubin*, 125 F.R.D. at 375.

## CONCLUSION

Based on the foregoing, the Mo Firm and Mo respectfully request that the Court enters an order determining that the RFAs in this case comply with the requirements of Fed. R. Civ. P. 36 that Ng's responses run afoul of the rule, and as a result the matters should be deemed admitted or that Ng must serve an amended answer.

Dated: New York, New York
August 13, 2021

                THE LAW FIRM OF HUGH H. MO, P.C.

By: _____
Hugh H. Mo
Pedro Medina
Elizabeth L. Mo
The Law Firm of Hugh H. Mo, P.C.
225 Broadway, Suite 2702
New York, New York 10007
(212) 385-1500

Attorneys for The *Law Firm of Hugh H. Mo, P.C.*, and *Hugh H. Mo*.